Dewey, J.
At common law, this action clearly would not survive. The only question is, whether it does so by the force and effect of our statute law. The Rev. Sts. c. 93, § 7, do not embrace an action for malicious prosecution. The subsequent statute of 1842, c. 89, approaches much nearer, providing for the survivorship of “actions on the case for damage to the person.” We are, however, of opinion, that this statute had reference to damages to the person of a different character from those arising from the institution of a malicious prosecution. There are various personal injuries, such as those arising from the neglect of towns to keep highways in repair, from the mismanagement of railroad trains, and the like, which very naturally fall within the purview of this statute, and furnish a wide ¿cope for its application, without including the case of a malicious prosecution.
A trial of this latter kind may be, and ordinarily must be, a trial of the personal character of the deceased, and his innocence or guilt of some criminal offence. In the opinion of the court, such action does not survive; it was therefore competent for the administrator of the original plaintiff, to move the court to dismiss the action, for that cause, and the motion was properly granted. Exceptions overruled.